MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _3/27/2023_

-------------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,    ;
                                      ;

      Plaintiff    :    **No. 21-cv-05923 (ALC)**

           v.    :

                                        :    **Judgment**

ERIC J. WATSON,    :
OLIVER BARRET LINDSAY, and    :
GANNON GIGUIERE,    :
                                        :

      Defendants.    :

-------------------------------------------------------------------- x

### JUDGMENT AS TO DEFENDANT OLIVER BARRET LINDSAY

The Securities and Exchange Commission having filed a Complaint and Defendant Oliver Barret Lindsay ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact
necessary in order to make the statements made, in the light of the circumstances
under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would
operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,
agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
shall pay disgorgement of ill-gotten gains, prejudgment interest thereon and a civil penalty
pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall
determine the amounts of the disgorgement and civil penalty upon motion of the Commission.
Prejudgment interest shall be calculated from December 20, 2017, based on the rate of interest
used by the Internal Revenue Service for the underpayment of federal income tax as set forth in
26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or
civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from
arguing that he did not violate the federal securities laws as alleged in the Complaint; (b)
Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the
purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true
by the Court; and (d) the Court may determine the issues raised in the motion on the basis of

affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: **March 27** , **2023**

UNITED STATES DISTRICT JUDGE