**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

-against-

**ERIC J. WATSON, OLIVER-BARRET LINDSAY, and GANNON GIGUIERE,**

**Defendants.**

**21-cv-5923 (ALC)**

**OPINION & ORDER**

---

**ANDREW L. CARTER JR., United States District Judge**:

On June 30, 2025, the Court denied Eric J. Watson's motion to dismiss the Securities and Exchange Commission's ("SEC") Complaint and granted the SEC's motion to dismiss Watson's Amended Counterclaim. *See SEC v. Watson*, No. 21-cv-5923, 2025 WL 1795849 (S.D.N.Y. June 30, 2025). Watson—the only remaining Defendant in an action filed over four years ago—seeks to once again dismiss the SEC's Complaint on the basis that service was improper pursuant to the Hague Convention. Watson also argues for the first time that the Court lacks personal jurisdiction over him. Watson also requests that the Court stay the proceedings in the event the Court denies his motion.

Because the Court previously decided that service was proper and now concludes that Watson waived any personal jurisdiction defense, Watson's second motion to dismiss the SEC's Complaint or stay the proceedings pending "proper service and jurisdictional resolution" is **DENIED** with prejudice.

## BACKGROUND

### I.    Factual Allegations

Having already decided Watson's first motion to dismiss the Complaint on other

grounds—which he brought based on the SEC improper service and (as construed by the Court)

its failure to state a claim—the Court directs the public to its prior opinion for a fulsome

recitation of the underlying facts in the case.[1]  *Watson*, 2025 WL 1795849, at *1–3.  Instead, the

Court devotes space here to Watson's allegations as related to his motion.

As to jurisdiction, Watson alleges that he "has no residence, business, or minimum

contacts with the United States.  He is a private foreign national who has not purposefully

availed himself of the protections or privileges of U.S. law." ECF No. 118 at 2.  He adds that

"[t]he exercise of personal jurisdiction over a foreign national must comply with due process,

requiring that . . . [t]he defendant has sufficient 'minimum contacts' with the forum, and [t]he

exercise of jurisdiction comports with 'fair play and substantial justice.'" *Id.*  Watson states that

he has no such contacts and that the "SEC alleges no conduct by Mr. Watson occurring in the

United States, and no basis exists for this Court to assert personal jurisdiction under either the

U.S. Constitution or the federal securities laws." *Id.*  As to improper service, Watson alleges (as

he did in his first motion) that the SEC's service did not comply with the Hague Convention,

specifying that "Spain requires formal transmission through its Central Authority, not informal

or alternative methods." *Id.* at 2–3.

### II.    Recent Procedural History

In its June 30, 2025 order, the Court ordered Watson to answer the SEC's Complaint

within twenty-one days.  *Watson*, 2025 WL 1795849, at *7.  In a filing dated July 20, 2025 but

docketed on July 30, 2025, Watson appears to answer the Complaint, denying all allegations,

---

[1] Watson acknowledges the Court's June 30, 2025 order, but "preserves his right to contest jurisdiction," which he argues "remains a distinct and unresolved legal issue under both U.S. and international law."  ECF No. 118 at 1.

raising affirmative defenses (including lack of personal jurisdiction and improper service), and requesting again that the Court dismiss the SEC's Complaint. ECF No. 116.

On July 20, 2025, Watson emailed the Court his second motion to dismiss.[2] *See* ECF No. 120, Ex. 1. On August 4, 2024, the motion was docketed. ECF Nos. 117–18. On August 4, 2024, the SEC filed its opposition and accompanying declaration. ECF No. 119–20. On August 25, 2025, the Court ordered Watson—who had not yet filed a reply—to show cause as to why the Court should not deem the briefing completed. ECF No. 122. On August 28, 2025, Watson filed a reply. ECF No. 123. The Court accepts Watson's reply and now considers the briefing for this motion to be complete.

## DISCUSSION

The Court begins with Watson's allegations as to improper service, which the Court considered on essentially the same basis in its June 30, 2025 opinion. There, the Court described the SEC's attempts to serve Watson through its request to Spain's Central Authority (as well as the Central Authority's unsuccessful attempts at service) and the SEC's subsequent request to the Court for an order permitting service by publication. *Watson*, 2025 WL 1795849, at *2. The Court denied Watson's motion (insofar as it raised the improper service defense) largely based on its previous conclusion that service through alternative means was permissible given the particular facts in this case. *See Watson,* 2025 WL 1795849, at *5–6; *see also SEC. v. Shehyn*, No. 04-cv-2003, 2008 WL 6150322, at *4 (S.D.N.Y. Nov. 26, 2008) (finding service by publication permissible where service through the Hague Convention in Spain was unsuccessful and where the record indicated the defendant's apparent awareness of the lawsuits, as well as his efforts to resist service). To the extent Watson seeks reconsideration (for a second time) of the Court's alternative service order, he provides no new arguments, and the Court declines to

---

[2] Watson did not seek leave of Court to file a second motion to dismiss the SEC's Complaint.

reconsider this issue. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that "a motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided").

But more consequentially, Watson now moves to dismiss the SEC's Complaint on a ground not asserted in his first motion: the Court's lack of personal jurisdiction. This invocation, however, is impermissible at this stage of the litigation. Federal Rule of Civil Procedure 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." As relevant to this case, Rule 12(h)(2) states that "[a] party waives any defense listed in **Rule 12(b)(2)-(5)** by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(g)(2) (emphasis added)

Watson's first motion invoked two defenses: that the SEC improperly served him under 12(b)(5) and (as liberally construed by the Court) that it failed to state a claim under 12(b)(6). On his second try, Watson seeks to invoke (both in his Answer and his second motion to dismiss) the defense of lack of personal jurisdiction under 12(b)(2), a defense that the Court considers waived because it was not raised in his Counterclaim, Amended Counterclaim, or his first motion to dismiss the Complaint. *See, e.g., Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 n.1 (2d Cir. 1992) (the defendant waived "whatever claim it might have had that the District Court lacked personal jurisdiction over it. Waiver resulted from [defendant's] failure to allege lack of personal jurisdiction in its answer or motion to dismiss."); *SEC v. Stanford Int'l Bank, Ltd.*, No. 09-cv-298, 2011 WL 13160374, at *7 (N.D. Tex. Nov. 30, 2011) ("By failing to raise the venue argument in [his earlier motion to dismiss], [Defendant] has waived his right to assert it now."). As such, Watson is procedurally barred from now raising this defense.

Although the Court notes Watson's *pro se* status, it reiterates that "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *See Watson*, 2025 WL 1795849, at *4, (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (cleaned up)).  In the Court's view, there is no doubt that the lack of personal jurisdiction defense was previously available to Watson, who has known about this action since at least June 2024. *Watson*, 2025 WL 1795849, at *2. Watson has specifically made clear in his prior filings that he resides in Spain, but only now objects to the Court's personal jurisdiction. Moreover, Watson does not address the SEC's waiver argument in his reply.  Therefore, the Court concludes that the personal jurisdiction defense was waived and denies his motion to dismiss on such grounds.[3]

Finally, the Court turns to Watson's motion for a stay, which argues that a stay is warranted because proper service is still required and that jurisdictional briefing, hearings, and/or discovery are necessary.  *See* ECF No. 118 at 3.  The Court cannot find a basis for such relief where it has denied Watson's second motion to dismiss the Complaint on grounds that (1) service was proper and (2) Watson has waived any personal jurisdiction defense.  Moreover, Watson's prior motion has been denied, his Answer has been filed, and the Court has directed that the case proceed to general pretrial and settlement proceedings.  As such, there is no reason why this action should not immediately proceed toward a resolution.

## CONCLUSION

For the reasons stated above, Watson's second motion to dismiss the Complaint or stay the proceedings is **DENIED** with prejudice.  The parties are instructed to resume general pretrial

---

[3] Moreover, the Court is concerned that protracted and cumulative motion practice will continue to stall this action. Indeed, as the SEC notes, "FRCP 12(h)(1) 'reinforces the policy of subdivision (g) forbidding successive motions.'" ECF No. 119 at 7 (citing Fed. R. Civ. P. 12 advisory committee's note to 1966 Amendment, Subdivision (h)).  The Court reminds Watson that he is precluded by Federal Rule of Civil Procedure 12(g)(2) from further filing any motion to dismiss on any Rule 12(b)(2)–(5) grounds that were not asserted in his first motion.

and settlement proceedings with Magistrate Judge Valerie Figueredo.  The Clerk of Court

is respectfully directed to terminate the pending motion docketed at ECF No. 117.

**SO ORDERED.**

**Dated:**      **September 30, 2025**
             **New York, NY**

**ANDREW L. CARTER, JR.**
**United States District Judge**