UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                            Plaintiff,

            -against-

ERIC J. WATSON,
OLIVER-BARRET LINDSAY, and
GANNON GIGUIERE,

                            Defendants.

21 Civ. 05923 (ALC) (VF)

**Confidentiality Stipulation and
Proposed Protective Order**

        **WHEREAS**, the Plaintiff Securities and Exchange Commission ("Commission") and
Defendant Eric J. Watson ("Watson" or collectively with the Commission, the "Parties") having
agreed to the following terms of confidentiality, and the Court having found that good cause
exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of
the Federal Rules of Civil Procedure, it is hereby

        **ORDERED** that the following restrictions and procedures shall apply to the information
and documents exchanged by the parties in connection with the pre-trial phase of this action:

        1.      Any party (or its counsel) may designate any document or information, in whole
or in part, as confidential if counsel determines, in good faith, that such designation is necessary
to protect the interests of the client in information that is proprietary, a trade secret or otherwise
sensitive non-public information. Information and documents designated by a party as
confidential will be stamped "CONFIDENTIAL."

        2.      Deposition testimony shall be deemed CONFIDENTIAL only if designated as
such. Such designation shall be specific as to the portions of the transcript or any exhibit to be
designated as CONFIDENTIAL. Thereafter, any portions of the deposition transcripts or exhibits
so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this
Order.

        3.      Without the need for designation as provided in Paragraph 1, above, any
document or information exchanged in connection with the pre-trial phase of this action shall be
deemed CONFIDENTIAL to the extent that any portion thereof contains, with respect to third
parties, any personal identifying information ("PII"), including an individual's social security
number, tax identification number or tax return, home address or home telephone number, date
of birth, medical information, financial account number, brokerage account number, or
passwords.

4.      Deposition transcripts and documents and information exchanged by the parties in connection with the pre-trial phase of this action that are designated as or deemed CONFIDENTIAL, shall be referred to herein as "Confidential Information."

5.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action. Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents.

6.      The restrictions set out in this Order shall not apply to copies of documents or information contained in documents that any party obtained or obtains independently of documents designated CONFIDENTIAL.

7.      The designation of CONFIDENTIAL shall not be applied to, and the restrictions and obligations set forth in this Order shall not apply to, any information or document that:  (i) is already public knowledge or otherwise in the public domain; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by a receiving party, its employees or agents in violation of this Order; (iii) has come or shall come into a receiving party's legitimate possession independently of the party or person seeking to designate information or documents as confidential in this action; or (iv) has come into a receiving party's legitimate possession prior to entry of this Order.

8.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

9.      The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as or deemed "CONFIDENTIAL" shall not be disclosed to any person, except as permitted by paragraph 11 and those set forth in subparagraphs (a) through (i) below:

      a.      The requesting party and counsel, including in-house counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Witnesses (and their counsel) who a party (or its counsel) in good faith believes may be called to testify at trial or deposition in this action, provided however, that a person identified solely in this paragraph shall not be permitted to retain copies of such Confidential Information;

      d.      Persons who were authors, custodians, or recipients of the Confidential Information;

e.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

f.  Outside photocopying, graphic reproduction services, litigation support services, data processing services, or investigators employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

g.  Court reporters and recorders engaged for depositions or testimony; and

h.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

i.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

10.  Prior to disclosing or displaying the Confidential Information to any person solely pursuant to subparagraph 9(e), counsel must:

a.  Inform the person of the confidential nature of the information or documents;

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

11.  This order shall not limit the Commission from using or disclosing any materials, including Confidential Information, in a manner consistent with the Commission's duties and authorities pursuant to any applicable laws and regulations.

12.  The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

13.  Any PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals listed in paragraph 9 above in a secure manner. The producing party may specify the

3

minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

14.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15.     Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

16.     This order shall not be construed to affect in any way the admissibility or use of any document, testimony or other information at trial or a pre-trial hearing.

17.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties (or their counsel) shall be permitted to retain their working files on the condition that those files will remain protected and the Commission may retain any documents or information in its possession in accordance with its governmental record-keeping obligations or to carry out any uses or disclosures as required or permitted by law.

18.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.


_s/ Chevon Walker_

Chevon Walker
Securities and Exchange Commission
100 Pearl Street, Ste. 20-100
New York, NY 10004

*Counsel for Plaintiff*


Eric J. Watson
Cami de San Carles 53, Edificio
Goleta 07157, Andratx, Islas Balears
Spain

*Defendant*



Dated: New York, New York
       January 26, 2026


SO ORDERED.

VALERIE FIGUEREDO
United States Magistrate Judge

5

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *SEC v. Watson, et al.*, 21 Civ. 05923 (S.D.N.Y.) have been designated as or deemed confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or that contain personal identifying information, including an individual's social security number, tax identification number or tax return, home address or home telephone number, date of birth, medical information, financial account number, brokerage account number, or passwords, are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.


DATED:


_____
Signed in the presence of:


_____
(Attorney)

6